[No. 12436.   Department Two. — December 27, 1889.]

## JAMES WAINWRIGHT, Respondent, v. ADOLPH WESKE, Appellant.

Pleading — Fraud — Rescission of Contract — Partial Restitution — Damages — Value — Presumption. — A complaint alleging the sale by plaintiff to defendant of an interest in a business, and of certain notes, in consideration of two thousand five hundred dollars cash, and of the transfer by defendant to plaintiff of ten shares of mining stock at fourteen hundred dollars a share, which were falsely represented by defendant to be of the value of fifteen hundred dollars per share, when they were in fact valueless; that plaintiff had offered, and still offers, a return of the stock; and which prays judgment for fourteen thousand dollars, — does not state a cause of action for a rescission of the contract, because not showing an offer to return the cash payment, nor any demand for a retransfer of the business and notes; nor a cause of action to recover damages for deceit, because it does not allege any damage, nor state any facts as to the value of the business and notes from which damage to plaintiff could be inferred. In the absence of an averment of their value, it cannot be presumed that they were of any value whatever, and the plaintiff must be presumed to have been benefited by the cash payment.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John Desbeck*, for Appellant.

*Dunne & Davidson*, and *Eugene N. Deuprey*, for Respondent.

Thornton, J. — The complaint herein sets forth this state of facts: That on or about the 21st of April, 1884, the plaintiff was the owner of one half interest in a certain liquor business carried on in the city and county of San Francisco under the firm name of Wainwright & Hey, and the holder of ten thousand dollars in promissory notes against said firm; the Wainwright of this firm was the plaintiff; that on or about said 21st of April the defendant was the owner of ten shares of the

LXXXII. Cal.— 13

capital stock of a corporation, the Golden Age Mill Company, doing business in the city and county aforesaid; that on or about said day of April defendant procured the plaintiff to purchase from him said ten shares of capital stock through fraud; that the facts constituting the fraud are the following:  The defendant desired to purchase of plaintiff the said interest of plaintiff in the liquor business mentioned; and the promissory notes aforementioned; that defendant was unable to pay ready money for the said interest and notes, but proposed that if plaintiff would accept for this interest and notes in lieu of cash ten shares of the Golden Age Mill Company he (defendant) would transfer the stock to plaintiff; that plaintiff asked defendant what the stock was worth, and whether it was a good investment, on which the defendant, fraudulently contriving to deceive and defraud plaintiff, did falsely and fraudulently, and knowing the same to be false and fraudulent, represent to plaintiff that the stock was as good as the bank; that it was worth every dollar of fifteen hundred dollars a share; that it was as sure a thing as plaintiff could put money into; that his (defendant's) only reason for parting with the stock was his anxiety to redeem a promise which he had made certain persons (naming them) to buy the plaintiff's interest; that the mill of the company was in thorough condition mechanically and financially, and was paying one per cent a month dividend on fifteen hundred dollars a share, and that the stock was as good as gold; that before accepting the stock, plaintiff made further inquires concerning it, and found that it had never been on the market, and that there were no quotations as to its value; that he (plaintiff) believed in and relied on the false and fraudulent representations of defendant, and, so believing and relying, agreed on the twenty-first day of April, 1884, to transfer to defendant plaintiff's said interest and notes for two thousand five hundred dollars in cash, and the ten shares of stock at fourteen

hundred dollars a share; that defendant agreed thereto, and on or about said twenty-first day of April defendant transferred to plaintiff the ten shares of stock, and paid him two thousand five hundred dollars in cash, and plaintiff thereupon, in consideration of the same, and at the direction of defendant, assigned the said notes and interest to Grauerholz and Fautz; that when the said representations were made by defendant, he was a director of said company; that the company was then financially embarrassed, and in a sinking condition; that seventy days after the representations were made, the company suspended operations and closed its mill because of its inability to meet its financial obligations; that in order to resume operations, it was obliged to compromise with its creditors, and did levy upon its capital stock an assessment of one hundred dollars per share; that as such director the defendant was cognizant of the affairs of the company, and knew when he made the representations that the company was in pecuniary straits and in a sinking condition; that the plaintiff, immediately on discovering that the said representations were false and fraudulent, and that he been duped and defrauded by defendant, demanded of him the sum of fourteen thousand dollars, "being ten shares of said stock at fourteen hundred dollars a share," and at the same time tendered to defendant and offered to make to him an assignment of the ten shares of stock, together with all the dividends received by plaintiff thereon, amounting to three hundred dollars, and now offers and tenders into court the stock and dividends; but defendant has ever since refused, and still refuses, to pay said fourteen thousand dollars, and accept the stock and dividends.

The complaint closes with a prayer for relief as follows: "Wherefore plaintiff prays judgment against defendant Weske for fourteen thousand dollars, United States gold coin, with interest and costs of suit."

This can only be regarded as a complaint to rescind

the contract above set forth, and to recover on such rescission, or a complaint to recover damages on a contract affirmed by plaintiff.

Regarded as a complaint to rescind the contract, it is manifestly insufficient, inasmuch as it does not appear that there was any offer to return the two thousand five hundred dollars in cash paid to plaintiff by defendant. That this was necessary to a rescission, see *Gifford* v. *Carvill*, 29 Cal. 592, 593; *Morrison* v. *Lods*, 39 Cal. 385. Nor does it appear that any demand was made on defendant to retransfer to plaintiff the interest in the firm and the notes assigned by plaintiff at defendant's request. As an action to rescind and recover of defendant the property sold him by plaintiff, it was clearly demurrable.

Regarding it as a complaint to recover damages for fraud or deceit on defendant making the sale of the ten shares of stock to plaintiff, it is also insufficient. In such an action, plaintiff does not seek to rescind the contract. He affirms it, and seeks to recover damages by reason of the fraud arising out of the circumstances accompanying the entering into the contract. (*Gifford* v. *Carvill*, 29 Cal. 592, 593.) The rights of a party who has been defrauded in making a contract are, on the discovery of the fraud, *within a reasonable time,* to rescind the contract and restore the parties to their former condition, or to affirm the contract and claim compensation or damages for the injury he has sustained by reason of the fraud. The rule is so stated in *Gifford* v. *Carvill*, 29 Cal. 592, quoting the language of the court in *Herrin* v. *Libbey*, 36 Me. 357. See also *Burton* v. *Stewart*, 3 Wend. 239; 20 Am. Dec. 692; and other cases cited in *Gifford* v. *Carvill*, 29 Cal. 592.

It is well settled that a party cannot recover damages for a false representation, without showing by averment and proving damage. (*Morrison* v. *Lods*, 37 Cal. 385, and cases there cited.)

The plaintiff here does not aver that he has been

damaged at all.  The words " *damage* " and " *damages* " cannot be found in the complaint.  The complaint seems to be framed on the idea or hypothesis that by reason of the false and fraudulent representations made by the defendant in regard to the ten shares of stock, the plaintiff, on offering to return the stock and the dividends recovered on it, is entitled to recover the sum of fourteen thousand dollars, the amount for which, it may be inferred from the complaint, though there is no express averment of such a fact, he received it.

But conceding it is averred in the complaint that the plaintiff was damaged by reason of the false representations to the amount of fourteen thousand dollars, there is an entire want of averment showing that plaintiff has sustained any such damage, or any damage at all.  There is no averment of the value of the interest in the concern which plaintiff assigned by defendant's direction in exchange for the stock, nor is there any averment of the value of the notes which were assigned by plaintiff as part of the consideration for the stock.  It does not appear by averment that the firm was solvent, or that the notes were of any value whatever.  *Non constat* but that the firm was insolvent and the notes worthless.  As the complaint shows that the plaintiff received of defendant on the transaction two thousand five hundred dollars in money, for which he transferred the interest and notes which do not appear to have had any value, conceding that the shares of stock were of no value, it appears that plaintiff, instead of suffering any damage, was benefited to the amount of two thousand five hundred dollars.

It does not appear in any way that defendant warranted the stock to be worth fourteen thousand dollars, and we know of no rule of law which would justify a court in presuming, or assuming, or inferring that the interest and notes assigned to defendant by plaintiff were, in the absence of an averment as to their value, of any value whatever.

To state it briefly, the complaint, in legal effect, shows that the plaintiff exchanged property of no value for valueless stock and two thousand five hundred dollars. It is thus made to appear that the plaintiff, instead of being damaged, was benefited to the amount above stated.

Such a mode of pleading cannot be considered as charging defendant with any damage for which he can be held responsible in law to the plaintiff, or any one else.

The complaint is not made sufficient by the amendments in it. If defendant has had to pay one thousand dollars for an assessment on the stock, he is still benefited to the extent of fifteen hundred dollars.

The complaint, in our judgment, is insufficient in any view that can be taken of it.

The demurrer of the defendant to the complaint should have been sustained, and the court erred in overruling it.

The judgment and order denying a new trial are therefore reversed, and the cause remanded, with directions to the court below to sustain the demurrer to the complaint, with leave to plaintiff to amend his complaint should he be so advised.

Ordered accordingly.

McFARLAND, J., and SHARPSTEIN, J., concurred.