[No. 19142. Department Two.—October 10, 1893.]

J. H. FOUNTAIN ET AL., RESPONDENTS, v. THE SEMI-TROPIC LAND AND WATER COMPANY, APPELLANT.

VENDOR AND PURCHASER—CONTRACT OF SALE—BREACH OF MINOR CONDITION—RESCISSION—DAMAGES.—If one party to a contract for the sale of land refuses to perform a covenant which is a condition precedent or concurrent, but which is of minor importance, not going to the root of the matter, and the breach of which can be compensated in damages, the party injured cannot rescind the contract for said breach, but must perform his part of the contract and seek compensation in damages.

ID.—BREACH RENDERING PERFORMANCE IMPOSSIBLE—ELECTION OF REMEDY.—If the breach be of a covenant rendering it impossible for the other party to perform the contract or frustrating its whole purpose, the party injured, may, if the other party can be placed pretty nearly in the position he was in before the contract was entered into, elect promptly to rescind the contract and recover moneys laid out and expended or paid, and the value of labor performed and materials furnished under the contract, or to decline performance and sue for damages proximately caused by the breach, including profits he could have made if the contract had been performed.

ID.—QUESTION OF FACT—RIGHT TO ABANDON CONTRACT—PARTIAL PERFORMANCE AND BREACH.—Whether a breach of covenant is so material as to justify the other party in abandoning performance of the contract is to some extent a question of fact; and it is a question of fact whether a part performance was so deficient as to justify such abandonment.

ID.—ACTION BY PURCHASER FOR RESCISSION—JUDGMENT FOR COST OF IMPROVEMENTS—REASONABLE VALUE—INSUFFICIENT COMPLAINT.—Where a complaint by purchasers of land under a contract of sale, which provided for certain improvements to be made upon the land by the purchaser, is framed so as to obtain a decree declaring the contract rescinded for non-performance by the vendor, and to obtain compensation for moneys expended under the contract, in an attempt to execute it, but does not show that any purchase-money was paid under the contract, and contains no count for moneys laid out and expended, nor for labor performed, nor for materials furnished, nor any statements which would be the equivalent of such counts, nor allege the reasonable value of the improvements made in pursuance of the contract, but merely alleges the cost of such improvements, the complaint is insufficient to support a judgment for the plaintiffs for the cost of the improvements, which could not be recovered as such in any event, but only their reasonable value.

ID.—INSUFFICIENT CASE FOR RESCISSION—DELAY AND DEFAULT OF PURCHASER—DAMAGES.—It appearing that the purchasers paid no part of the purchase-money, and that the improvements made, if the contract had been fully performed, would have belonged to the purchasers, and were provided for in the contract to insure performance by the purchasers and to improve the security of the vendor for payment of purchase-money, and that they consisted of trees and vines, for the irrigation of which water was furnished by the vendor, though not in pipes as provided in the contract, but which was accepted and used by the purchasers, who insisted that the supply was insufficient, but remained in possession for two years and until after default in payment of three installments of purchase-money, the purchasers could not under such circumstances rescind the contract, and recover the moneys laid out and expended by them under their contract, but would be remitted to the remedy for damages for breach of the contract.

ID. — NOTICE OF RESCISSION NOT A BAR TO SUIT FOR DAMAGES. — The service of a notice of rescission by the purchasers, when they are not entitled to rescind the contract of sale, will not preclude a suit for damages to recover their loss proximately caused by the breach.

ID. — RESTITUTION BY BOTH PARTIES NECESSARY IN CASE OF RESCISSION. — In case of rescission, each party to the contract must restore to the other everything of value received, and pay for labor performed for him under the contract, no matter at whose instance the rescission is made.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*Walter Bordwell*, and *Willis, Cole & Craig*, for Appellant.

*Goodcell & McIntyre*, for Respondents.

TEMPLE, C. — Two cases with the above title were tried together and similar judgments entered in both cases. By stipulation the motion for a new trial and the appeal from the judgment and from the order denying a new trial are applicable to both.

As the facts are in all material respects similar, it is only necessary to discuss one case, which will be that first set out in the transcript.

The complaint in that case, after averring the incorporation of the defendant, sets out a contract between the parties in full. That contract, dated August 7, 1888, states that defendant agrees to sell to plaintiffs 53.09 acres of land in San Bernardino County for the sum of $6,636.25, with interest at the rate of eight per cent per annum, to be paid in installments, the first installment of which, $2,212.09, was payable one year after date, and the last, $2,300.08, including interest, August 7, 1891.

By the same instrument plaintiffs agree that, as part consideration for the purchase of said land, they will, on or before October 15, 1888, commence to clear off said land and with all reasonable diligence proceed with said clearing until said land is entirely cleared off, and plow at least one half of said tract and plant with good thrifty orange or other fruit trees by the 1st of March, 1889, and the balance within one year thereafter.

The parties of the second part — plaintiffs — were given immediate possession, but upon default it is provided the party of the first part may enter and repossess the same, and the par-

ties of the second part shall forfeit all payments made, which shall be taken and considered as rent and as liquidated damages for the failure of the parties of the second part to keep the covenants.

It was again stipulated that time is of the essence of the contract, and that in case of default in making payments the parties of the second part shall forfeit all rights under the contract and all moneys paid thereon. The contract then proceeds as follows: "And the said party of the first part on receiving payment, at the time and in the manner above mentioned of all of said purchase price, and the surrender of this agreement, agrees to execute and deliver to the said party of the second part, or to his assigns, a good and sufficient deed to said lands, in form of bargain and sale, together with one share of stock in the Lytle Creek Water and Improvement Company for each acre of land above agreed to be sold, which stock shall be issued by the said Lytle Creek Water and Improvement Company upon a basis of ten (10) shares of stock to each miner's inch of water, but no fractional share of said stock shall in any case be issued. The party of the first part also agrees to pipe the water to a point adjacent to each twenty-acre lot of said tract and each town lot above agreed to be sold, after which the second parties and other stockholders in said water company must bear the expense of keeping up the water system."

It is alleged that during the possession of plaintiffs they improved the premises by clearing, plowing, and planting the same with oranges and other orchard trees and grape vines at a cost actually and necessarily incurred by them of $5,775, and have kept and performed the terms and conditions of said contract to be kept and performed on their part except in so far as performance was rendered impossible by the failure of defendant to pipe water for irrigating purposes to a point adjacent to said land as provided in said contract; that the water which defendant agreed to pipe to the lands was the only water available for that purpose, and without it orchard trees, vines, and trees could not be grown upon the lands.

That defendant has ever since the date of the contract failed and refused to pipe water to said lands, though often requested so to do, whereby plaintiffs have been deprived of the use of

said water for irrigation or at all, and it has become impossible to profitably and successfully cultivate said land and to grow orchard or any trees or vines thereon.

That plaintiffs have always been ready and willing to perform all the covenants on their part upon the compliance of defendant with his agreement to pipe said water, which it still refuses to do.

That on the twenty-ninth day of August, 1890, they served upon defendant a written notice and demand for the entire rescission of said contract and transaction, for the repayment by defendant to plaintiffs of said sum of $5,775, the cost of improvements so made by them under said contract, and offered to return to defendant everything of value they had received from it, and to deliver possession of the land, and to pay the value of the use and occupation, but defendant refused and still refuses to rescind the contract or to pay the costs of said improvements.

That plaintiffs are still ready to perform their offer on condition that defendant pay them said cost, less the value of the use and occupation of said premises.

That by reason of the failure of said defendant to pipe said water they have been damaged in the sum of $5,775, the cost of said improvements.

They demand judgment, that the contract be rescinded and cancelled, for $5,775 and costs, and such other and further relief as shall be agreeable to equity.

The bill is framed as though the object of the pleader was to obtain a decree declaring the contract rescinded and to obtain compensation for moneys expended in an attempt to execute it. It is hard to discover, however, any occasion for the interposition of a court of equity.

If one party to a contract refuses to perform a covenant which is a condition precedent or concurrent, with the consent of the other party, the first consideration is whether it is such a breach as will justify a rescission. If the covenant be of minor importance, not going to the root of the matter, and one that can be readily compensated in damages, the party injured cannot rescind, but must perform his part of the contract and seek compensation in damages. If, however, the breach be of

a covenant, the non-performance of which will render it impossible for the other party to perform, or will frustrate the whole purpose of the contract on his part, he still has two courses open to him, provided performance has not proceeded so far that it is impossible to place the opposite party pretty nearly in the position he was in before the contract was entered into. He may, acting promptly, rescind and recover moneys laid out and expended, or paid, and the value of labor performed and materials furnished under the contract; or he may decline to proceed in performance and sue for damages, in which case he may recover all loss occasioned by the breach — including profits he would have made if the contract had been performed; subject to the rule, of course, that remote and speculative damages cannot be recovered.

The complaint does not contain a count for moneys laid out and expended, nor for labor performed, nor for materials furnished; nor does it contain any statements which would be the equivalents of such counts. If the plaintiffs are entitled to rescind it does not necessarily follow that they can recover the cost of their improvements. No specific work was called for in the contract, but certain improvements in the way of clearing, plowing, and planting. The plaintiffs did not perform the work themselves, but caused it to be done through contract. If they could recover this at all it would not be the cost but the reasonable value. There is no allegation as to this in the complaint. But I think, under the circumstances disclosed here, plaintiffs could not rescind and recover moneys laid out and expended by them under the contract. They paid no part of the purchase-money. The improvements, if the contract had been fully performed on both sides, would have belonged to them. The provision in the contract requiring them was doubtless intended to insure performance and improve the security for the purchase-money. We are not authorized to presume that defendant desired an orchard or vineyard as an investment.

Plaintiffs, according to their own testimony, knew that water was required at least as early as the planting of the trees or vines. They nevertheless proceeded in March, 1889, to plant on half the land, though no water had been piped, and although

two thirds of the trees died, they went on again in the spring of 1890 and planted the remainder of the land, and did not serve the notice until they had been in possession more than two years, and were in default in the payment of three installments of the purchase-money, amounting to $4,689.51. They might as well have gone on to the end of the term and then seek to rescind, if the speculation proved a bad one.

Could they stop work and sue for damages, and is the complaint sufficient for that purpose?

The mere fact that the plaintiffs served a notice for rescission would not prevent them from suing for damages. There is some confusion in the use of the word in such a case. It is often said that when one party to a contract is prevented from performing by the other, or the other is guilty of a breach of a condition so material that he may refuse to go on with it and does thereupon refuse further performance and brings his suit for damages, he thereby rescinds the contract. It is said by Mr. Pomeroy, in his work on Equity Jurisprudence, that a party cannot bring such an action without rescinding. (Pomeroy's Equity Jurisprudence, sec. 110.)

On the other hand, it is often said, as it was by this court in *Wainwright* v. *Weske*, 82 Cal. 193: "In such an action plaintiff does not seek to rescind the contract. He affirms it and seeks to recover damages by reason of the fraud arising out of the circumstances accompanying the entering into the contract." This rule seems more in consonance with our code, which provides that a contract is extinguished by rescission. It is, however, largely a question of words and cannot affect the rights of the parties. Had the cause been tried as an action for damages, it is possible the judgment might have been maintained. But it is very evident that it was not so tried. The difference is quite material. In the action for rescission in the proper sense, plaintiff could recover for labor performed and materials furnished irrespective of the question as to whether the whole adventure was necessarily a failure even had defendant performed its contract. In the action for damages the recovery could only be for the loss occasioned by the breach. It may have been that all moneys expended would have been lost even had defendant performed. And, again, plaintiffs may

be able to prove that they would have realized a large profit if they had been able to complete the contract.

Whether the breach, if there was any, was so material as to justify plaintiffs in abandoning performance, is to some extent a question of fact. The evidence shows without conflict that water was furnished though not in pipes. Plaintiffs accepted and used the water, still insisting, however, that it was not furnished according to the contract. Their complaint was that the supply was not regular, and was generally insufficient. Whether this was so defective a supply as to justify plaintiffs in their refusal to go on with the contract was a question of fact to be determined at the trial. From the reading of the contract it is difficult to say that defendant is required to lay pipes at any time before the deed would become due. If the contract must be construed as requiring water to be piped at once, it is because water was necessary as soon as the ground was planted.

The defendants filed a cross-complaint, in which they allege the default of plaintiffs as to the payments due on the contract, and they ask that the contract be rescinded, and the rights of plaintiffs under it be declared forfeited, as also all improvements made by them as rent and liquidated damages, as provided in the contract:

The plaintiffs answered this by a general denial. It seems, therefore, that both parties are seeking a rescission of the contract. I am not sure that I see what difference it would make in the consequences at whose instance a rescission was made. In either case each would be required to restore to the other everything of value received, and to pay for labor performed for him under it. (*Cleary* v. *Folger*, 84 Cal. 316; 18 Am. St. Rep. 187; *Drew* v. *Pedlar*, 87 Cal. 443; 22 Am. St. Rep. 257; *Phelps* v. *Brown*, 95 Cal. 572.) Had plaintiffs set up in answer to the cross-complaint the substance of their complaint, at the same time assenting to the rescission, it would have gone far towards furnishing a support for the present judgment. But under the present pleadings I think that judgment cannot stand.

I advise that the judgment and order be reversed, and that the parties be allowed to amend their pleadings if they shall be so advised.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are reversed, and the parties are allowed to amend their pleadings if they shall be so advised.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.