MRS. A. B. McMILLAN *v.* AMERICAN SUBURBAN CORPO-
RATION.

(*Knoxville.* September Term, 1916).

1. **CANCELLATION OF INSTRUMENTS. Grounds. Matter of right.**

The equitable remedy of rescission is not one enforceable as a matter of right, and the court should not award it in cases where some such element as actual fraud, accident, mistake, or insolvency does not appear, even though the circumstances are such that, were the contract still executory, the court would grant the relief. (*Post, pp.* 58, 59.)

Cases cited and approved: Crampton v. McLaughlin Realty Co., 51 Wash., 525; Fountain v. Semi-Tropic, etc., Co., 99 Cal., 677. Cheney v. Biercamp, 58 Colo., 321: Tennant Land Co. v. Nordeman, 148 Ky., 361; Land Co. v. Hill, 87 Tenn., 589.

Cases cited and distinguished: American Emigrant Co. v. Adams Co., 100 U. S., 61; Laser v. Forbes, 105 Ark., 166.

2. **CANCELLATION OF INSTRUMENTS. Rescission of exe-cuted contract. Breach of covenant.**

Where land was sold on the installment plan, the vendor giving bond to execute a deed on completion of payments, which bond contained a guaranty that the vendor would lay water mains and sewers, and the buyer completed payments and went into possession, the vendor executing a deed, from which it omitted the guaranty, having failed to lay the water mains, the buyer could not have rescission of the contract in equity, but was left to her legal remedy for damages for the breach; the contract being executed. (*Post, pp.* 58, 59.)

FROM KNOX.

Appeal from the Chancery Court of Knox County —Will D. Wright, Judge.

Reuben L. Cates, for appellant.

A. C. Grimm, for appellee.

Mr. Justice Williams delivered the opinion of the Court.

The bill of complaint is one praying for the rescission of a contract in relation to realty.

Defendant company is the owner of a tract of about one hundred acres of land in the suburbs of Knoxville which in 1906 it subdivided into blocks and lots, giving the addition the name of ''Piedmont Place,'' and put the property on the market for sale on the installment plan. The method of business was to take from those proposing to purchase a written application, and in the event of acceptance by the company it executed a contract to convey or ''bond for deed.''

Complainant in December, 1906, purchased a lot in the subdivision at the price of $500, and in the application signed by her, and also in the contract for deed signed by the company, there were inserted certain restrictions in favor of the vendor company and the following guaranties in favor of the purchaser:

"The American Suburban Corporation guarantees the following improvements:

"A—That the streets and sidewalks on the property will be graded and shade trees planted.

"B—That granolithic sidewalks will be laid in front of the lot herein named.

"C—That water pipes will be laid in Piedmont Place."

In January, 1911, complainant completed her payments, and at that time received a deed from the corporation which incorporated the restrictive conditions in favor of the company, but omitted any reference to its guaranties. Complainant surrendered the contract for conveyance at the same time.

Prior to the institution of this suit the company had spent $8,826 in grading streets and sidewalks and in planting shade trees. A sidewalk was laid in front of complainant's lot as well as in other parts of the property.

At the date the suit was brought water pipe lines were not laid, but in the summer of 1912, following suit and before final decree in the cause, water lines were laid at a cost of $4,548. Prior to that, however, complainant had been insisting on the laying of the water lines, but without success. The bill was filed May 24, 1912, praying for rescission.

The cases are not numerous that deal with the right of a vendee to rescind an executory contract for the sale of land because of the vendor's breach of a covenant or guaranty to make improvements. This fact is

commented on, and the decisions collated in a note to *Crampton* v. *McLaughlin Realty Co.,* 51 Wash., 525, 99 Pac., 586, 21 L. R. A. (N. S.), 823. In that case it was held that a vendee of real property cannot rescind because of the vendor's breach of his covenant to lay sidewalks and pavements and put in water mains and sewers, where such covenant is one of several relating to building restrictions, etc., on the theory that the covenant was to be deemed an independent one, and, therefore, that the vendee's remedy for its breach was an action for damages.

The decision was, in part, rested on the authority of *American Emigrant Co.* v. *Adams County,* 100 U. S., 61, 25 L. Ed., 563, which involved a covenant by the vendor to drain the land sold. In an action to rescind, the court in the last-mentioned case said:

"The allegations of the bill, to the effect that the emigrant company has not fulfilled its engagements with respect to the drainage and settlement of the land, rest in covenant merely, and afford no ground for avoiding the contract. Where covenants are mutual and dependent, the failure of one party to perform absolves the other, and authorizes him to rescind the contract. But here the contract was largely carried into execution soon after its inception. The engagements of the appellants to introduce settlers and the like were to be performed in the future; and their performance was not condition, but, as before stated, rested in covenant. In case of a breach,

they would lay the foundation of an action, but nothing more.''

See, also, *Fountain* v. *Semi-Tropic, etc., Co.,* 99 Cal., 677, 34 Pac., 497.

A few decisions on the point have appeared since the date of the note referred to.

In *Cheney* v. *Bierkamp,* 58 Colo., 321, 145 Pac., 691, the breach relied on was of an agreement to raise the level of laterals, for irrigation purposes, on the realty sold. The purchase price of the land was $2,-500, and the cost of raising the laterals was about $75. The court held that the agreement in respect to the lateral was not an essential part of the consideration or a dependent covenant, but a minor detail, distinct and separable from the principal agreement, and that the proper remedy was not rescission, but an action for damages on breach. The purchaser had gone into possession of the property.

In *Tennant Land Co.* v. *Nordeman,* 148 Ky., 361, 146 S. W., 756, the covenant was to construct a sewer, water and gas mains, with connections to the property lines, concrete sidewalks and curbing and a modern asphalt roadway. There was a failure as to all features except the sidewalks. The court held that a case for rescission was made.

In *Laser* v. *Forbes,* 105 Ark., 166, 150 S. W., 691, the agreement on the part of the vendor was to grade and lay sewer pipes in front of the property and build cement sidewalks along its street line. After paying seven monthly installments of the purchase

price, the vendee elected to rescind. The court, after commenting on the facts that the contract was entirely executory and that plaintiff had never been put in possession of the property, said:

"Under these circumstances, we are of opinion that the breach by defendant of this material provision of the contract entitled the plaintiff to rescind his purchase and to recover the money paid thereon as for money had and received."

In our opinion these more recent cases announce the better doctrine as regards executory contracts. An agreement to lay water or sewer lines to a lot are to be deemed material inducements, so affecting the consideration as to be of the essence of the contract of sale. It is not to be regarded as a minor detail, independent of or separable from the agreement whereby the vendor agreed to sell. The sale of the lot without connection with such lines would not be contemplated, in all likelihood. The test for rescission is the materiality of the covenant to improve, in the given case, rather than any metaphysical notion touching the mutuality or dependency of covenants.

It does not follow, however, that a rescission was properly awarded in this case, the contract here involved being an executed one. The vendee had completed her payments, taken a deed and gone into possession. The above cases relate to executory contracts, save *Tennant Land Co.* v. *Nordeman*, in which the facts closely parallel those of the instant case. The court's attention in that case apparently was not

directed to the distinction; no comment of the court discloses that it was in mind.

As has been well said, the power of a court of equity to decree the rescission of an executed contract and order its surrender for cancellation is one of the most delicate powers it is ever called upon to exercise. The equitable remedy of rescission is not one enforceable as a matter of right, and the court should not award it in case where some such element as actual fraud, accident, mistake or insolvency does not appear to justify it. This is true even though the circumstances are such that were the contract still executory, the court would grant that relief. The vendee is left to resort to his legal remedy for damages for the breach.

It cannot be claimed on this record that the contract of sale was induced by fraud or mistake, or that the vendor company is insolvent.

If there has been a failure to cause water lines to be laid, such as the contract calls for to serve the contract purpose, the situation is to be likened to one of a partial deficiency in the thing purchased. In such case the vendee in possession under an executed contract is remitted to his legal remedy. *Land Co.* v. *Hill,* 87 Tenn., 589, 11 S. W., 797, and cases cited.

In our opinion the court of civil appeals was in error in decreeing a rescission. Reversed, and the bill of complaint dismissed.