[S. F. No. 8751. In Bank.—September 11, 1919.]

## A. E. HOUSE, Appellant, v. ANDREW J. PIERCY, Respondent.

[1] CONTRACT—PURCHASE OF INTERESTS IN LAND—ADVANCEMENTS BY ONE PARTY—HOLDING FOR JOINT BENEFIT BY OTHER PARTY—CONSTRUCTION.—A contract by the terms of which one person is to advance to another a certain sum of money for the purpose of buying the interests of the owners, other than the latter, in a tract of land, which interests the latter is to purchase and hold, together with his own interest, for the joint benefit of himself and such other person, and to repay the latter out of the first proceeds of any sale the amount advanced, the remainder to belong to them in equal shares, is not a contract for the conveyance of an estate in real property.

[2] ID.—BREACH OF CONTRACT—MEASURE OF DAMAGES.—The measure of damages recoverable for the breach of such a contract is the profit which would have been realized had the contract been performed.

[3] ID.—ACTION FOR REFUSAL OF PERFORMANCE — PLEADING — INCONSISTENT CAUSES OF ACTION—ACCEPTANCE OF SATISFACTION OF ONE CAUSE OF ACTION—TERMINATION OF CONTRACT.—In an action by the person who was to advance the money under such contract against the other for the refusal of the latter to perform his part of the contract, the plaintiff was not entitled to recover, where the complaint was in two counts, the first for the sum advanced and the second for damages for breach of the contract, and the plaintiff,

some time prior to trial, accepted full satisfaction of the demand based on the first cause of action.

[4] Id.—Election of Remedies.—A party to a contract upon its breach may treat the contract as rescinded, and if he has advanced money on it, bring an action for its recovery, or he may treat the contract as still in force and maintain an action for damages for the breach, but he cannot pursue both courses.

[5] Id.—Effect of Rescission—Termination of Contract.—If the facts exist which justify a rescission by one party, and he exercises his right and declares a rescission in some effectual manner, he terminates the contract, and it cannot thereafter be made the basis of an action for damages caused by the breach of its covenants.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ralph C. McComish for Appellant.

Perry Evans for Respondent.

ANGELLOTTI, C. J.—In February, 1917, plaintiff's assignor, Will M. Beggs, and defendant, Andrew J. Piercy, entered into a written contract. This contract substantially provided that Beggs would advance to Piercy twenty-five thousand dollars for the purpose of buying the interests of the owners other than himself of a tract of land in Santa Clara County, known as the David J. Piercy ranch; that Piercy would use this sum for the purchase of such interests, and would purchase such interests and discharge all liens and encumbrances thereon, and "hold the same," together with his own interest therein, "for the joint benefit of himself and Will M. Beggs, and that Will M. Beggs and defendant were to have equal interests in and to the whole of said property." The said sum of twenty-five thousand dollars was to be repaid to Beggs "out of the first proceeds of any sale of said property, or any portion thereof, and the remainder was to belong to defendant and Will M. Beggs in equal shares." This was substantially the contract as alleged in the complaint, and admitted by failure to deny in the answer. The contract itself was not introduced in evidence. Beggs

advanced to defendant on account of the twenty-five thousand dollars the sum of $1,070, and was at all times "ready, willing, and able to carry out all his part of the contract." Within two months of the entering into the contract defendant notified Beggs in writing that he refused and would refuse to perform his part of the contract, claiming that he was sick at the time he signed and did not understand the terms. Beggs immediately assigned any right of action he had against Piercy to plaintiff, and this action was commenced April 11, 1917.

The complaint was in two counts. The first was for the sum of $1,070, alleged to have been received by defendant from Beggs "to and for the use of" Beggs, the return of which had been demanded by Beggs and which still remained unpaid. The second count stated a cause of action for damages for breach of the contract, specifically alleging that the contract was entered into "as a part of the same transaction, wherein and from which defendant received the money mentioned in the first cause of action herein," and, among other things, alleged the advancement of said $1,070; that the real property, free and clear of encumbrances was at all times of the value of forty thousand dollars, and that plaintiff and Beggs had been damaged by defendant's failure to perform in the sum of seven thousand five hundred dollars, for which amount judgment was claimed. The answer, filed October 26, 1917, by reason of failure to deny, admitted the allegations of the first count except the allegation of assignment, and all the allegations of the second count except those as to the value of the property, the damage suffered and the assignment, all of which were effectively denied.

During the trial, which occurred in February, 1918, the court allowed defendant to file a supplemental answer, alleging the payment by defendant to plaintiff on November 26, 1917, of the $1,070 mentioned in the complaint, $55.25 interest on said sum from the time it was advanced by Beggs to defendant, and $20.50 as the amount claimed to have been expended by the plaintiff as his costs in the action. It was expressly stated by counsel for plaintiff that he had no objection to the filing of this answer in so far as it went only to the first cause of action. He did object to a further allegation contained therein to the effect that the amount was received by plaintiff "in satisfaction of all indebtedness of the defendant to

the plaintiff," but there was no finding as to this, and our view of the case is such that the allegation may be entirely disregarded. At the opening of the trial plaintiff's counsel admitted the satisfaction of the first cause of action, as follows: "There are two causes of action, the first of which, by reason of the payment of the amount involved, has been settled, and we are not concerned with it here." Upon the trial it was admitted by counsel for plaintiff that the $1,070 referred to in the second count was the same $1,070 referred to in the first count. Upon the trial proof of the payment was made as alleged.

The findings are in accord with the allegations of the second cause of action of the complaint, except that there is no finding as to the value of the property, and, further, that neither plaintiff nor Beggs had been damaged in any sum whatever by the failure and refusal of defendant to perform his part of the contract. The court further found that the defendant on November 26, 1917, made the payment to plaintiff alleged in the supplemental answer. Upon these findings, judgment was given for defendant.

We have an appeal by plaintiff from this judgment.

Plaintiff claims that he was entitled to a judgment for the amount of profit he would have realized if the agreement had been performed, which he says is one-half of the difference between the twenty-five thousand dollars he was to pay and the actual value of the property, alleged to be forty thousand dollars. The failure of the court to find upon the issue of value of the property he assigns as prejudicial error. Defendant's position appears to be that the contract here was one for the conveyance of an estate in real property within the meaning of section 3306 of the Civil Code, and that the special measure of damage prescribed by that section is applicable here. That section declares: "The detriment caused by the breach of an agreement to convey an estate in real property is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land." Defendant says that bad faith was neither alleged nor proven here, and that, con-

sequently; the value of the land is an immaterial matter, and the lack of finding without prejudice. Consideration of the contract as alleged forces us to the conclusion that the agreement was not one for the conveyance of real property to Beggs. [1] The reasonable construction is that there was not to be any conveyance to Beggs, but that Piercy, holding all of the same for the joint benefit of both, each having an equal beneficial interest therein, the same was to be sold, Beggs was to be repaid twenty-five thousand dollars out of the first proceeds, and the remainder of the proceeds was to be divided equally between the parties. Section 3306 of the Civil Code, we think, has no application. [2] If this be so, section 3300 of the Civil Code prescribes the measure of damage applicable, which would in his action for damages for breach of contract entitle plaintiff to the profit he would have realized.

[3] Notwithstanding all this, it is entirely clear, in view of the record, that plaintiff was not entitled to recover. The record demonstrates that the $1,070, referred to in the statement of the second cause of action as advanced by Beggs to defendant on the contract, is the same $1,070 sought to be recovered as money had and received by the first cause of action. The two causes of action rest upon different and inconsistent theories—the first upon the theory that the contract between the parties is terminated, the plaintiff electing upon defendant's repudiation to treat the contract as rescinded and to bring action for the money he has advanced as being money for which he has received no consideration; the second, upon the theory that the contract is still in force, the plaintiff electing not to acquiesce in a rescission and to maintain an action on the contract for damages for the breach. [4] It is thoroughly settled in this state that a party to a contract may pursue either of these courses, but that he may not recover on both. This whole matter has been so recently discussed by this court in the opinions filed in *Lemle* v. *Barry, ante,* p, 1, [183 Pac. 150], as to render extended discussion unnecessary here. (See, in addition to cases cited in these opinions, *Walsh* v. *Standart,* 174 Cal. 810, [164 Pac. 795]; *McConnell* v. *Corona City Water Co.,* 149 Cal. 60, 64, [8 L. R. A. (N. S.) 1171, 85 Pac. 929]; *Alderson* v. *Houston,* 154 Cal. 10, [96 Pac. 884]; *Fountain* v. *Semi-Tropic L. & W. Co.,* 99 Cal. 677, 681, [34 Pac. 497].) In the case at bar the

plaintiff stated these two inconsistent causes of action in one complaint, and, of course, there was nothing in the nature of an election of remedies apparent from the complaint. But when, some time prior to the trial, he accepted full satisfaction of the demand based on the first cause of action, he effectually and finally exercised his right of rescission and terminated the contract for all purposes. The situation was not materially different from the situation that would have existed had he brought two separate actions, instead of stating the two causes of action in one complaint and had carried the one based on the rescission theory to judgment. [5] As said by Mr. Justice Shaw in his concurring opinion in *Lemle* v. *Barry, supra:* "But if the facts exist which justify a rescission by one party, and he exercises his right and declares a rescission in some effectual manner, he terminates the contract, and it cannot thereafter be made the basis of an action for damages caused by the breach of its covenants." The whole basis of the action, in so far as it was one on the contract for damages for the breach, was destroyed by the enforcement of the claim based on the first cause of action, and thenceforth there could be no recovery on the contract. Unlike the case of *Lemle* v. *Barry, supra,* the record here does fully show the facts material to this question. Indeed, all that is necessary is shown by the pleadings and the findings of the trial court. In view of the condition of the pleadings and the findings as to the payment, the judgment for defendant was the only judgment that might properly be given, even though perchance it may have been given upon some other theory than the one we have discussed.

The judgment is affirmed.

Olney, J., Shaw, J., Melvin, J., Wilbur, J., Lawlor, J., and Lennon, J., concurred.

Rehearing denied.

All the Justices concurred except Olney, J., who was absent.