## J. W. SPIVEY v. R. R. ROADMAN, et al.

Eastern Section.    April 30, 1927.

No petition for Certiorari was filed.

1. **Contracts.** Where deed had been executed and party placed in possession held it was a substantial execution of the contract.

In an action to rescind a contract for the exchange of real estate where plaintiff had been put in possession of all of the land he contracted for with

the exception of three acres, the three acres being left out because of an error of the surveyor, held there had been a substantial execution of the contract, so that there could not be a rescission.

2. **Contracts. Rescission. Party must be placed in statu quo before there can be a rescission.**

In an action to rescind a contract for the exchange of real estate where complainant made no tender or offer to repay what had been paid out by the defendant, nor did he vacate or offer to vacate the property that had been conveyed to him, held complainant was not entitled to a rescission of the contract.

3. **Contracts. Rescission. The power of courts of equity to decree rescission of an executed contract is guarded jealously.**

As has been well said, the power of a court of equity to decree the rescission of an executed contract and order its surrender for cancellation, is one of the most delicate powers it has ever been called upon to exercise. The equitable remedy of rescission is not one enforceable as a matter of right, and the court should not award it in case where some such element as actual fraud, accident, mistake or insolvency does not appear to justify it. This is true even though the circumstances are such that were the contract still executory, the court would grant that relief. The vendee is left to resort to his legal remedy for damages for the breach.

4. **Contracts. Rescission. Evidence held not to warrant a rescission of an executed contract.**

In an action to rescind a contract for the exchange of real estate where defendant had taken possession of the land conveyed to him with the exception of three acres which had been omitted because of the surveyor's mistake and which the defendant had promised to give to him as soon as a new survey could be made, held plaintiff was not entitled to a rescission of the contract.

Appeal from Chancery Court, Roane County; Hon. James H. Wallace, Chancellor.

Affirmed.

John A. Walker, of Harriman, and R. H. Ward, of Kingston, for appellant.

Harris & Evans, of Harriman, for appellee.

SNODGRASS, J. The bill in this cause was in effect to rescind an exchange of real estate. The complainant owned certain lots in Kingsport, Tenn., which he had purchased and partially paid for, and for which he held title bond as an evidence of his right thereto. There was $90 yet to be paid precedent to the right to a deed. He approached the defendant in Roane county, Tennessee and proposed to trade him these lots, being 8, 9 and 10 in Block 7, Westview Addition to the City of Kingsport, Tennessee, for the seventy acres in Roane county, Tennessee. This seventy acres more or less was constituted of two tracts, one of which contained fifty-six acres, and there was to be run off fifteen acres from another tract adjoining. Complainant was to pay $150 difference, which he did in two notes, one for $50 and the other for $100, the first due one year after date and the other two years after date. Title bond was transferred to the defendant and a warranty deed for what was supposed to be

seventy acres given to the complainant. Defendant afterwards paid the balance due on the lots, obtained deed therefor and sold the same for $800, which he thought was about what the property was worth.

Sometime after the execution of the deed complainant discovered that there was a shortage of something like three acres in the fifteen acres that had been run off according to agreement from the other tract mentioned as adjoining the fifty-six acres. This mistake was made by the county surveyor, who had been agreed upon at the time to run off the fifteen acres, and his plat at the time of the execution of the deed was thought to contain 15 acres. However, on defendant's attention being called to the mistake he readily consented to rectify it by having the county surveyor run off the required number of acres, which had been agreed upon between him and the complainant should be done. But before this was done, however, complainant filed this bill to rescind the transaction, upon the ground that the defendant had fraudulently represented the land to be timbered land, and had taken him upon some timbered land adjacent and had pointed the same out as part of the land to be conveyed, when as a matter of fact it was not thereafter found to be included in the deed, and that upon his attempt to cut the timber he found out the fraud that had been practiced upon him, which was averred to have been knowingly and premeditatedly done, and that defendant did knowingly and on purpose represent and point out to him land which was covered with valuable timber, which land it was averred did not then and never did belong to defendant, for the sole and exclusive purpose of defrauding him and of swindling him out of his land in Kingsport, Tennessee; that defendant did not transfer to complainant the lands which he represented to be his, but on the contrary deeded to complainant lands which were valueless, and lands which complainant did not agree to accept in exchange of property. The bill was amended so as to allege the insolvency of defendant, and also to aver that defendant had no title to the land conveyed to the complainant. It sought to enjoin the transfer of the Kingsport property or the negotiation of the notes executed.

The answer, while admitting the mistake as to the fifteen acres to be run off, tendered a new deed correcting the same, denied all allegations of fraud and every other material allegation upon which any basis of recovery could be claimed. A jury was demanded, but the demand was withdrawn and the case was heard principally upon the proof offered by the defendant. Complainant did not take the stand. The Chancellor heard the case upon the proof and, finding that there was no fraud, dismissed complainant's bill and taxed him with the costs. Complainant has perfected an appeal to this court and has made the following assignments of error:

"I. The Chancellor erred in holding that by reason of Roadman having delivered to Spivey a deed for a portion of said lands, that same acted as an extinguishment of their written contract of exchange, entered into by the parties on November 15, 1922. The Chancellor should have held that the delivery of said deed for a portion of said lands did not act as an extinguishment of said written contract, and that said contract was in force as an executory contract on the date of filing the original bill in this cause, and by reason thereof the burden of proof was on defendant Roadman to show that he had a valid title to the lands he agreed to convey to complainant."

"II. Because the Chancellor erred in finding in favor of the defendant and dismissing complainant's bill. The Chancellor should have sustained complainant's bill and decreed a rescission and cancellation of said agreement of November 15, 1922 and placed the parties in statute quo."

"III. Because the Chancellor erred in holding that complainant be required to accept the deed tendered by defendant with his answer, and thereby extinguish said written agreement. The Chancellor should have held that by reason of said contract not having been extinguished by said Roadman, it was incumbent on defendant to show that he had a good title to said lands."

The Chancellor's findings were in exact accordance with the facts, and are as follows:

"That on November 16, 1922, the complainant and defendant entered into a contract for the exchange of property as set out in the bill. That J. W. Spivey assigned to the said Roadman a title bond to Lots Number 8, 9 and 10 in Block No. 7 in Kingsport, Tennessee, and executed him his notes aggregating one hundred and fifty dollars ($150) one fifty dollars ($50) note due one year from the date of the deed and one note for one hundred dollars ($100) due two years after the date of the deed, and that in exchange therefor R. R. Roadman and his wife Mattie Mc. Roadman executed and delivered to J. W. Spivey a deed for fifty-six acres known as the Brakeville land and purported to convey fifteen acres off the W. R. Ollis tract. Spivey accepted the deed and went into possession under the deed, claiming the property as his own, but a short time after taking possession thereof he discovered that of the fifteen-acre tract that the surveyor who surveyed the land left out three acres in his survey and by inadvertance this was left out of the deed and arrangements were made by the said Spivey and Roadman whereby they were to get the surveyor, W. E. Ellis to correct his survey accordingly. The surveyor, W. E. Ellis, became ill and was unable to go upon the property and survey it for some time

and when he went upon the property to survey the same it was learned by Roadman that Spivey had filed his original bill in this cause alleging fraud misrepresentations in the exchange of the property and asking the court to revoke the purported trade by exchange of property and to decree the land at Kingsport, Tennessee back into the possession of the complainant and require the defendant to take back the property in Roane county and to cancel the deeds. Nothing whatever was said in the bill about the failure to convey the three acres but the answer of the defendant tendered to the complainant Spivey the three acres of land. The said Spivey was in the possession of the property at the time of the filing of the bill and has remained in the possession of the property. No fraud has been committed by R. R. Roadman or Mattie Mc. Roadman but there was a mistake made in the conveyance whereby three acres was left out but there was an agreement between the parties for a correction of the same by the surveyor running out three more acres and the tender of the deed in the answer was sufficient to correct the agreed mistake.''

This finding settled the case so far as the bill was concerned, which sought only a recission upon the fraud alleged, and upon the ground that defendants had no title.

The contract having been executed, deed made and the party put in possession of the land, with the exception of something less than three acres due to a mistake of the surveyor who had been mutually agreed upon to run it off, we think was a substantial execution of the contract. At least we are satisfied and agree with the Chancellor that the record presented no case for a rescission, and that it was not entirely a question of the burden of proof to be carried by the defendant, or that complainant was entitled to a rescission upon the admission of defendant that there had been a mistake of the surveyor whom they had selected to run off the fifteen acres, entailing a shortage of something like three acres. The proof shows it had been agreed that this might be corrected, but the delay was occasioned on account of the sickness of the surveyor. The contract was thought to have been executed on both sides and the complainant had gone into possession of all of the land with the exception of this slight mistake as to acreage, and before it could be corrected he filed this bill seeking to rescind, though not specifically mentioning the small discrepancy as a reason, but rather placing it upon the alleged fraud as to the timber representations, utterly unsubstantiated in the proof, and upon the general statement that the defendant had no title.

The parties could not be placed in statu quo. Complainant made no tender or offer to repay what had been paid out by defendant to get deed to the Kingsport property, which had been conveyed

as stated, nor did he vacate or offer to vacate the property that had been conveyed to him. In the case of McMillan v. Am. Suburban Corp., 136 Tenn., 53, (188 S. W., 615) where complainant had received a deed from the corporation on completing her payments which omitted any reference to its guaranties that had been a part of the title bond, and while the court held that these guaranties were a material part of the inducements so affecting the consideration as to be of the essence of the contract of sale, and not to be regarded as a minor detail independent of or separable from the agreement whereby the vendor agreed to sell, and that the sale of the lot without connection with such lines would not in all likelihood be contemplated, and that the test for rescission is the materiality of the covenant to improve in the given case rather than any metaphysical notion touching the mutuality or dependency of covenant, they yet said that the case was not one for rescission and reversed the Court of Appeals, which had so decreed. They said:

"It does not follow, however, that a rescission was properly awarded in this case, the contract here involved being an executed one. The vendee had completed her payments, taken a deed and gone into possession. The above cases relate to executory contracts, save Tenant Land Co. v. Nordeman, in which the facts closely parallel those of the instant case. The courts attention in that case apparently was not directed to the distinction; no comment of the court discloses that it was in mind.

"As has been well said, the power of a court of equity to decree the rescission of an executed contract and order its surrender for cancellation, is one of the most delicate powers it has ever been called upon to exercise. The equitable remedy of rescission is not one enforceable as a matter of right, and the court should not award it in case where some such element as actual fraud, accident, mistake or insolvency does not appear to justify it. This is true even though the circumstances are such that were the contract still executory, the court would grant that relief. The vendee is left to resort to his legal remedy for damages for the breach.

"It cannot be claimed on this record that the contract of sale was induced by fraud or mistake, or that the vendor company is insolvent.

"If there has been a failure to cause water lines to be laid, such as the contract calls for to serve the contract purposes, the situation is to be likened to one of a partial deficiency in the thing purchased. In such case the vendee in possession under an executed contract is remitted to his legal remedy. Land Co. v. Hill, 87 Tenn., 589, 11 S. W., 797 and cases cited."

We think the principle announced is applicable to this case. Insolvency was not proved. There had only been a partial deficiency

in the thing purchased, and there was no fraud. The vendee, being in possession under an executed contract, there being only this slight deficiency, rescission is not justifiable. The complainant should have accepted the deed tendered, or is properly remitted to his legal remedy. There is no merit in the assignments. They are overruled and the decree of the Chancellor affirmed, with costs against appellant.

Portrum and Thompson, JJ., concur.