[Civ. No. 21134.   Second Dist., Div. Two.   Dec. 21, 1955.]

MANUEL L. ROMERO et al., Appellants, v. RAYMOND O. RAINEY et al., Respondents.

David A. Fall and Kenneth W. Gale for Appellants.

Charles W. Gorham for Respondents.

MOORE, P. J.—Action on breach of contract to convey realty. From an award to appellants of the amount paid on account of such contract, after deducting therefrom the rental value of the premises during the period of occupancy by appellants, the judgment has been transferred to this court by appeal.

August 21, 1951, the parties contracted orally for re-

spondents to sell and appellants to buy Lot 15 of tract 1464, Wilmington, and improvements for the sum of $6,500 to be paid in monthly installments "ranging from Fifty Dollars to Seventy Five Dollars per month" at appellants' option. The latter entered into possession February 1, 1952, and remained for 29 months. During such period, appellants paid $3,370 on the purchase price and $106.40 for termite eradication to the benefit of respondents, a total of $3,476.40 From this sum the court deducted $1,595, the reasonable rental value of the premises for 29 months, plus $549 which had been paid to appellants for the rent of a single apartment on the premises—aggregating $2,144. That left a balance of $1,332.40 on which the court allowed interest at 7 per cent from May 25, 1954, in the sum of $62.90, as damages for breach of the contract.

Appellants contend that of the three theories upon which they might have proceeded (*Sobelman* v. *Maier*, 203 Cal. 1, 9 [262 P. 1084]), they elected to treat respondents' repudiation as an end of the contract for all purposes and to sue for the profits they would have realized had they not been prevented from performing. They contend therefore that the sum of $1,595 should not have been deducted; that they were entitled to the entire sum they had paid toward the puchase price "together with any and all profits they would have made had the contract been performed, and to retain any of the benefits they received during the partial performance"—citing *Fountain* v. *Semi-Tropic Land & Water Co.*, 99 Cal. 677, 680 [34 P. 497]; *Tuso* v. *Green*, 194 Cal. 574 [229 P. 327]; and *Pomeroy* v. *Bell*, 118 Cal. 635 [50 P. 683], to the effect that one who enters into possession of land under an executory agreement for its purchase does not become a tenant of the vendor.

Appellants' action is, in the main, controlled by the Civil Code, section 3306, as follows: "The detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land."

Inasmuch as the court made no finding of bad faith on the part of respondents, the judgment was correct in omitting

from consideration the "difference between the price agreed to be paid and the value of the estate agreed to be conveyed and the expenses properly incurred in preparing to enter upon the land." Since appellants were denied recovery for the increase in the value of the property based upon the finding of no bad faith, it will not be disturbed. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].) The court had to ascertain the detriment caused by the breach, i.e., "the price paid, and the expenses properly incurred in examining the title" with interest thereon. The court computed the total payments made on the contract and added to it the sum paid by appellants for respondents' benefit. But from that point on, it erred in its calculations except in the allowance of rentals.

█ During their occupancy of the premises, appellants collected from their tenant of the single apartment the sum of $549. Such sum should not have been deducted from the total of $3,476.40. During that period, the property was in the possession of appellants and they were chargeable with its reasonable rental value, $1,595. Their tenant's use was their use and was covered by the rental with which appellants were charged; they were entitled to keep the same, so the sum of $549 should be neither added to, nor subtracted from, the said total of $3,476.40.

█ Moreover, appellants were entitled to legal interest on each installment paid from the date of payment to the date of judgment. (*Bonnelfillio* v. *Ricks*, 214 Cal. 287, 288 [4 P.2d 929]; *Monnette* v. *Title Guar. & Trust Co.*, 30 Cal. App.2d 428, 434 [86 P.2d 848]; 92 C.J.S., p. 610, subsec, b.) In an action to recover such payments "when the contract is terminated by the fault of the vendor . . . the action for the money paid is in the nature of one for money had and received" for which, in view of the termination of the contract of sale, "the vendee has received no consideration." (*Yule* v. *Miller*, 80 Cal.App. 609, 617 [252 P. 733].)

Payments on the contract were as follows:

| | |
|---|---|
| September 1, 1951 | $550 |
| September 11, 1951 | 200 |
| October 6, 1951 | 100 |
| November 26, 1951 | 640 |
| December 27, 1951 | 300 |
| February 7, 1952 | 400 |
| March 15, 1952 | 100 |
| March 29, 1952 | 100 |

| | |
|---|---|
| April 19, 1952 | 100 |
| May 31, 1952 | 100 |
| July 3, 1952 | 100 |
| August 14, 1952 | 100 |
| October 3, 1952 | 100 |
| November 7, 1952 | 100 |
| December 23, 1952 | 100 |
| February 2, 1953 | 80 |
| February 21, 1953 | 100 |
| March 28, 1953 | 100 |

Under the last cited authorities, appellants should recover legal interest on each payment from its date to the day of judgment, aggregating $684.15. To this should be added the interest on $106.40 paid for termite eradication September 1, 1951, to wit: $25.38, making a total of interest payments $709.53. Adding that sum to $3,476.40 gives a new total for appellants in the sum of $4,185.93. ■ Inasmuch as appellants are to receive all sums paid to, or for the benefit of respondents, it is fair to set off the reasonable rental value of the property. (92 C.J.S., p. 627, § 582.) The court found such value to have been $55 per month, or a total of $1,595. Deducting that sum from $4,185.93 leaves $2,590.93, the net amount of appellants' recovery.

It is therefore ordered that the judgment be and it is modified by striking the last paragraph thereof and that in lieu thereof, the following is submitted, to wit:

"It is adjudged and decreed that plaintiffs have and recover of and from the defendants in solido, the sum of $2,590.93 with interest from January 27, 1955, and costs in the sum of $33.80."

As so modified the judgment is affirmed.

It is ordered that appellants recover all their costs of appeal.

Fox, J., and Ashburn, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.