## VICTER v. FAGIN.

(Supreme Court, Appellate Term, First Department.   December 30, 1913.)

MONEY RECEIVED (§ 9*)—PARTNERSHIP—DISSOLUTION.

> Where plaintiff and defendant, who had been copartners, dissolved the firm, defendant transferring to plaintiff a number of outstanding accounts with a warranty that no part of their face value had been collected, defendant is liable to plaintiff for money received by him on one of the accounts, a credit for which did not appear on its face, this being true regardless whether the receipt was after the dissolution and transfer or whether a postdated check was received before the agreement.

> [Ed. Note.—For other cases, see Money Received, Cent. Dig. § 31; Dec. Dig. § 9.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jacob Victer against Sam Fagin. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Henry Greenberg, of New York City, for appellant.

Nathan Tolk, of New York City, for respondent.

BIJUR, J. Plaintiff and defendant had been copartners and dissolved that relationship. As an incident to the dissolution, defendant transferred, by an instrument in writing, to the plaintiff a number of outstanding accounts with an agreement or warranty that no part of their face value had been collected. Subsequent to such assignment, defendant accepted and deposited a check of $50 from one of the firm's debtors on account of one of the assigned debts. The defendant seems to claim that this check had been given a month before the assignment and had been postdated. Plaintiff apparently urges that that testimony is in derogation of a written instrument. Both points are immaterial, as it is perfectly evident that defendant has collected money due to the plaintiff and that plaintiff is entitled to recover the same from him.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.