[Civil No. 1505.   Filed December 19, 1916.]

[161 Pac. 876.]

## THE VALLEY BANK OF PHOENIX, a Corporation, Appellant, v. AUGUST JOSTEN, Appellee.

1. VENDOR AND PURCHASER—FRAUD AND DECEIT.—One who is induced to purchase land by fraud and deceit is entitled to recover purchase price, not only from the persons to whom the money was paid, but from others who received it and into whose hands it can be traced.

2. VENDOR AND PURCHASER—FRAUD AND DECEIT.—In an action by the purchaser of land against defendant bank for the recovery of money paid for the purchase of lands on the ground of fraud and deceit, the evidence showed that the bank received no portion of the purchase price, but that the money was paid to other persons; *held* that

plaintiff could not recover against the bank, but only against those who received the money.

[As to representations by a vendor of land as to value of the property, see notes in 15 Am. Rep. 382; 18 Am. St. Rep. 556.]

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Judgment vacated and cause remanded with instructions.

Mr. C. F. Ainsworth, for Appellant.

Mr. M. T. Phelps (Mr. J. M. Jamison, of Counsel), for Appellee.

CUNNINGHAM, J.—The appellee commenced this action against the appellant to recover $812.96, alleged to have been obtained by defendant by false and fraudulent representations. The circumstances in which the defendant is alleged to have acquired the money are alleged to have been as follows: On the first day of March, 1913, the defendant, as the owner of certain lands in Maricopa county, Arizona, made and entered into a contract with the plaintiff, by the terms of which contract the defendant agreed to sell to plaintiff a certain described tract, piece or parcel thereof, with certain water rights for the agreed sum and price of $3,600, payable, the sum of $900 thereof at the time of making the contract; the balance in installments at designated times. The negotiations leading up to the agreement were conducted in Los Angeles, California, between the plaintiff, in his own behalf, and by certain alleged agents, in behalf of the defendant. The agreement reached was reduced to writing and signed by the vendee, and later signed by the vendor-defendant. The plaintiff paid in cash $760 to the said agent, and made a note for $60, delivering the note to the agent. The plaintiff alleges that he was induced to enter into the said agreement and to pay said sum of money as a part of the purchase price by reason of certain representations made by the said agent regarding the quality of the land, its adaptability to agricultural crops, the quantity of available water supply, for irrigation purposes, belonging to the land, and other matters of fact, all of which were false, and known to be false when made, and made with the fraudulent intent and purpose of wrong-

fully depriving plaintiff of his property. That by reason of the false and fraudulent representations made by defendant, and relied upon as true by plaintiff, plaintiff was induced and did pay over to defendant the said sum of $760 in money, and delivered his note for $60. He sues to recover the money so paid, and to have the note canceled.

The well-settled rule is that money obtained in such circumstances of deceit may be recovered, for the reason the law implies a promise from the person so obtaining it to return it to the lawful owner, whose title to it cannot be annulled by the fraudulent or unjust dispossession. 27 Cyc. 863, as supported by the authorities cited in note 65.

In this case the defendant admits that it signed the contract pleaded as an exhibit to the complaint, but alleges the facts to be that said contract was entered into on its part as trustee for the true owners, and denies that it ever received the money referred to in said contract, or any part thereof, or any other sum, and alleges and states that said moneys mentioned in said contract were paid to the true owners of said property and receipted for by this defendant in the contract at the request of the true owners of said property and the said plaintiff.

The rule is recognized in *Cole* v. *Bates*, 186 Mass. 584, 72 N. E. 333; *Commercial Nat. Bank* v. *Sloman*, 121 App. Div. 874, 106 N. Y. Supp. 508; *Gray* v. *Ellis*, 164 Cal. 481, 129 Pac. 791; *Victor* v. *Fagin* (Sup.), 145 N. Y. Supp. 47, and 27 Cyc. 869, that an action lies against one into whose hands money actually belonging to plaintiff can be traced, as well as when he received the money in the first instance.

The plaintiff concedes that he delivered the money claimed to one Hall, as the agent of the Avondale Land Company, and Hall made no representations of his agency relation to the defendant bank. Plaintiff states in his evidence that he signed a note, but does not know to whom it was payable. He does not, in his testimony, claim to know whether the defendant bank ever got any part of the money paid by him for which he sues. The evidence is that in making the contract, the defendant bank acted solely in the capacity of trustee or agent for Melczer, who had obtained title to the land involved, and Hall, who was purchasing the lands of Melczer, and the company represented by Hall, known as the

Avondale Land Company and the Arizona Irrigated Land Company. Hall testified that he never attempted to represent the bank, but represented the Arizona Irrigated Land Company. When a sale was made, part of the proceeds went to Melczer, and the Arizona Irrigated Land Company always kept the rest. No part of the proceeds went to the defendant bank. Plaintiff's attorney was informed by the officers of the bank of the exact relation of the bank to the other parties, at a time prior to the commencement of this action, and at a time when such attorney made demand upon the bank for payment. The officers of the bank testify that the bank never received any part of the money.

Under these facts appearing in the case, about which no controversy exists, but one conclusion can be drawn, viz.: That the defendant bank is shown by all of the evidence not to have had and received any money belonging to the plaintiff as a fact. In other words, the plaintiff has by his evidence failed wholly to trace the money claimed to the possession of the defendant, but, on the other hand, the evidence points out conclusively that the money paid by the plaintiff to Hall, in the circumstances alleged in the complaint, never reached the possession of the defendant, but was by Hall paid, a portion to Louis Melczer, and the balance to the Arizona Irrigated Land Company. Hence, from the evidence, these parties, Melczer and the Arizona Irrigated Land Company, obtained plaintiff's money through wrongful means, and they, and not the defendant bank, are the persons liable to return it to him.

The plaintiff by his evidence wholly failed to support his cause of action. For this reason the judgment ought to be vacated and the cause remanded, with instructions to render judgment for the defendant.

ROSS, C. J., and FRANKLIN, J., concur in result.