[S. F. No. 7152.   Department One.—April 20, 1917.]

# W. H. WALSH, Respondent, v. JOHN W. STANDART et al., Appellants.

PLEADING—ALLEGATION OF EXECUTION OF CONTRACT BY DEFENDANTS—
EXHIBIT SHOWING LACK OF SIGNING BY PARTY—DEMURRER—UN-
CERTAINTY.—An allegation in the complaint that the defendants
executed the written contract sued on means that all of them ex-
ecuted it.   A general demurrer admits the truth of the statement,
and the fact that a copy of the contract attached as an exhibit
to the complaint does not show the signature of one of the defend-
ants thereto, is not an allegation; at most it creates an uncertainty
on the subject, a defect that cannot be reached by a general
demurrer.

ID.—GENERAL DENIAL OF EXECUTION—STATUTE OF FRAUDS.—Under an
answer denying generally the execution of the contract sued on,
the defense of the statute of frauds is available.

ID.—SUBSEQUENT CONTRACT REFERRING TO PREVIOUS ONE—SUFFICIENT
NOTE OR MEMORANDUM.—Where a written contract is not signed
by all the parties thereto, a subsequent written contract between
the same parties, signed by all of them, in which specific reference
is made to the former contract, is a sufficient note or memorandum
in writing of the previous contract to satisfy the statute of frauds.

ID.—BREACH OF CONTRACT TO CUT AND SELL TIMBER—ACTION TO RE-
COVER PROFITS.—Upon the breach of an agreement to cut and sell
to the plaintiff certain standing timber, the same to be delivered
in the form of logs at plaintiff's mill, the plaintiff may treat the
breach as putting an end to the contract for all purposes of per-
formance, and sue for the profits he would have realized if he had
not been prevented from performing.

ID.—SUFFICIENCY OF COMPLAINT—AVERMENT NOT SHOWING RESCISSION.
A complaint which otherwise aptly alleges such a cause of action
will not be construed as showing a previous rescission of the con-
tract by the plaintiff, merely because it contains an averment that
the plaintiff gave the defendants a notice stating that he had elected
to rescind and cancel the contract.

APPEAL from a judgment of the Superior Court of Mari-
posa County, and from an order refusing a new trial.    J. J.
Trabucco, Judge.

The facts are stated in the opinion of the court.

Robert L. Hargrove, for Appellants.

Everts & Ewing, and M. G. Gallagher, for Respondent.

SHAW, J.—This is an action for damages for breach of contract. A demurrer to the complaint was overruled, and after answer filed the case was tried by a jury and a verdict of five thousand dollars returned in favor of the plaintiff. This amount was reduced to four thousand dollars by order of the trial court, on motion for new trial. The defendants appeal from the judgment and from an order denying a new trial.

The contract sued on was dated April 4, 1911, the material portions thereof being as follows: The defendants agreed to cut and sell to plaintiff certain standing timber situate upon lands owned by the defendants, during the years 1911 to 1914, inclusive, the timber to be cut into logs by defendants and delivered by them to plaintiff upon the logway to the sawmill to be erected on said premises by the plaintiff, the total amount so delivered in the four years not to exceed six million feet. At the beginning of each season the plaintiff was to notify the defendants at least fifteen days prior to the time he intended to start operating the mill for that season. The agreement further provided that plaintiff "is hereby granted a mill site together with all lands necessary to be used in connection with the proper running of said mill" on the above land. The price of the lumber was fixed and other terms were stated which are not material to the questions presented. Upon certain contingencies the defendants were to purchase the mill placed on the premises by the plaintiff as above specified. The preamble to the contract states that it is made "between George R. Standart, John W. Standart, and Lowell Standart, . . . parties of the first part, and W. H. Walsh, . . . party of the second part." The contract is signed by all parties except Lowell Standart.

The complaint alleges that in pursuance of said contract the mill site was selected on said lands, and the plaintiff constructed the mill thereon and was ready to receive said timber from the defendants and saw the same into lumber during the month of October, 1911. That during the month of October, 1911, "the defendants delivered to said mill certain logs, most of said logs being logs cut from dead timber on said lands by

the defendants, and said dead logs not being of growing timber standing on said lands.'' That plaintiff continued to saw said logs until the closing season of the year 1911, but that plaintiff ''in said month of October, 1911, did notify defendants that said logs so delivered by defendants were not in accordance with the terms and conditions of said contract and were not all logs cut from growing'' timber on said lands, but were mostly dead logs of an inferior quality. That on or about the fifteenth day of March, 1912, as provided by said contract, the plaintiff notified the defendants that plaintiff was ready to proceed with the sawing for the season of 1912, demanding that defendants deliver to said mill, in accordance with the terms of said contract, the logs cut from the standing and growing timber on said described lands, but that the defendants refused to deliver any logs whatsoever in accordance with the terms of the contract, but filled the logway with decaying and dead timber cut from decaying dead trees, that plaintiff thereupon refused to accept such logs and demanded that defendants deliver logs cut from standing and growing timber, all of which defendants refused to do. That plaintiff prior to the commencement of this action notified the defendants that because of said refusal to perform their part of the contract plaintiff had elected to rescind and cancel said contract. It is further alleged that plaintiff had performed said contract on his part up to the time of the breach thereof by the defendants, and was ready and willing and able to perform all of said contract to be performed by him, and that by reason of the breach of contract by defendants the plaintiff was damaged in the sum claimed.

The appellants first insist that the court erred in overruling the demurrer to the complaint, the contention being that the contract sued on is one relating to the sale of real estate and, further, that said contract, by its terms, was not to be performed within one year, and that inasmuch as it was not signed by Lowell Standart, one of the defendants, it is within the statute of frauds and void.

The allegation that the defendants executed the written contract means that all of them, including Lowell Standart, executed it. The demurrer admits the truth of the statement. The fact that the copy attached as an exhibit to the complaint does not show his signature thereto, is not an allegation. At most it merely creates an uncertainty on the subject, a defect

that cannot be reached by a general demurrer. There is no demurrer on the ground of uncertainty or ambiguity. The general demurrer was, therefore, properly overruled.

The defense of the statute of frauds is available, however, under the answer denying generally the execution of the contract. (*Feeney* v. *Howard*, 79 Cal. 525, [12 Am. St. Rep. 162, 4 L. R. A. 826, 21 Pac. 984].) Upon the trial the defendants objected to the admission of the contract in evidence, on the ground that it was not executed by Lowell Standart. This properly presented the questions attempted to be raised by the demurrer. But in a cross-complaint filed by the defendants a contract is set forth, dated July 29, 1911, and signed by all parties, including Lowell Standart, wherein reference is made to the contract sued on in the following manner; ''When this contract is completed and payments being made the previous contract between W. H. Walsh and George R. Standart, John W. Standart and Lowell Standart will become void, but not if this contract is not carried out.'' The answer to the cross-complaint expressly admits the execution of this contract. The evidence also shows that Lowell Standart executed the said contract of July 29th and that it was not carried out. The passage quoted constituted a sufficient note or memorandum in writing of the previous contract of April 4th to satisfy the statute of frauds. This answers the objection.

The appellants next insist that even if the validity of the contract be conceded the plaintiff is entitled to recover, not under the contract, but only upon a *quantum meruit,* citing *McConnell* v. *Corona City Water Co.,* 149 Cal. 60, 64, [8 L. R. A. (N. S.) 1171, 85 Pac. 929], wherein the court said: ''One who has been injured by a breach of contract has an election to pursue any of three remedies. He may treat the contract as rescinded and may recover upon a *quantum meruit* so far as he has performed; or, he may keep the contract alive for the benefit of both parties, being at all times ready and able to perform; or, he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing. In the last case the contract would be continued in force for that purpose.'' The complaint is not wholly consistent on the subject of rescission. In one paragraph it alleges that ''the plaintiff notified the defendants and each of them that by reason of their failure and

refusal and neglect to carry out the said contract and to perform the same on their part to be performed the plaintiff has elected to rescind and cancel said contract.'' This is not an allegation that the plaintiff had rescinded the contract, or that the contract had been rescinded. It merely alleges that the plaintiff gave the defendants the notice described. The complaint proceeds to allege that plaintiff had fully performed his part of the contract up to the time of the breach thereof by the defendants and has been ready, able, and willing to continue its performance, that defendants have refused, and still refuse, to perform the contract, or any part thereof, and that by reason of the said breach of said contract by the defendants the plaintiff has been and is damaged in the sum of twenty-five thousand dollars. There are no averments of the return or offer to return by the plaintiff of the things he had received under the contract, or of a demand for the restoration to him by defendants of that which they had received under it, or of the reasonable, or any, value thereof, all of which should appear in a complaint on the *quantum meruit,* unless the common count is used, which is not the case here. (Civ. Code, sec. 1691.) The previous allegations show clearly that the plaintiff is complaining of the refusal of defendants to go on and of the consequent deprivation of the profits that would have accrued to him if logs sufficient to make the six million feet of lumber had been delivered by the defendants to him within the four years, as they had agreed to do. The complaint is to be construed as stating a cause of action under the third alternative mentioned in *McConnell* v. *Corona City Water Co.,* 149 Cal. 60, [8 L. R. A. (N. S.) 1171, 85 Pac. 929]. It is of the same character as the actions considered in *Hale* v. *Trout,* 35 Cal. 229; *Fountain* v. *Semi-Tropic Land etc. Co.,* 99 Cal. 677, 681, [34 Pac. 497], and *Alderson* v. *Houston,* 154 Cal. 1, 10, [96 Pac. 884]. The court, at the request of the defendants, repeatedly instructed the jury that if it should find that the contract had been rescinded and canceled before the action was begun, the plaintiff could not recover damages for a breach thereof. Whether this instruction is correct or not, the defendants cannot complain of it, since they requested it, and the verdict for the plaintiff is to be taken as a finding by the jury that the contract was not rescinded and canceled in the manner contemplated by the instructions. There was no evidence of rescission by mutual consent. It is not claimed

that there was any evidence that either party ever restored, or offered to restore, to the other everything or anything of value which he had received from the other under the contract, or of any actual rescission. The evidence showed a continual demand.by plaintiff for the proper performance of the contract. There is no merit in the objection relating to the question of rescission.

The only remaining question requiring notice is the contention that the evidence does not support the judgment for the amount of damages given. In view of the conflict in the evidence it is sufficient answer to such objection to point out that there was testimony on the part of witnesses for both plaintiff and defendants that the logs delivered by defendants were not in accordance with the terms of the contract, but were cut from dead and decaying logs, some of them being ''worse than rotten,'' to quote one of defendants' witnesses. Considering the amount of timber to be cut under the contract, the testimony as to the market value of the same, and the probable profits to be made by the plaintiff it cannot be said that the amount of damages awarded is without substantial support in the evidence.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.