[L. A. No. 9481.   Department Two.—June 26, 1928.]

ANTONIO R. HURTADO, Respondent, v. SAN DIEGO ELECTRIC RAILWAY COMPANY (a Corporation), et al., Appellants.

Jennings & Belcher, for Appellant San Diego Gas & Electric Company, and Morrison, Hohfeld, Foerster, Shuman & Clark, for Appellant San Diego Electric Railway Company.

Jas. E. O'Keefe and C. H. Van Winkle for Respondent.

RICHARDS, J.—This action was instituted by the plaintiff to recover damages from the two corporations, defendants, for personal injuries sustained by him on August 13, 1924, as a result of a collision between a truck of the defendant San Diego Consolidated Gas & Electric Company, of which corporation plaintiff was an employee, and upon which truck he was riding, and a street-car operated by and on behalf of the San Diego Electric Railway Company upon and along certain streets in the city of San Diego. The trial of the action before a jury resulted in a verdict in favor of the plaintiff and against both defendants in the sum of $3,000, for which sum judgment was rendered and entered by the trial court. The defendants had appeared separately and the contest before the trial court took the form of a three-cornered contest, wherein the

plaintiff sought a verdict against each of the defendants, and wherein the defendants were in some aspects of the trial united in an endeavor to defeat the plaintiff's claim, and in other aspects of the trial were divided, each attempting to fix responsibility upon the other for the accident, or, in so far as the Railway Company was concerned, in an effort on its part to show that if it was to be held responsible, its co-defendant was also jointly liable. The defendants separately made motions for a new trial, each of which was denied, and they have both perfected appeals, which by stipulation of all parties are presented in a single transcript on appeal.

The first point upon appeal to be considered is that upon which the appellants agree in their assignments of error. One of the issues presented in the trial court was that of the seriousness of the plaintiff's injuries. The plaintiff having introduced his evidence touching that subject and having rested, the defendant Gas & Electric Company placed upon the witness-stand a witness named Ditommaso to testify with reference to the happening of the accident, in which he was also injured and taken to the same hospital to which the plaintiff, while unconscious from his injuries, had been carried. Upon cross-examination of this witness by plaintiff's counsel with relation to matters occurring at the hospital the witness was asked whether upon the morning following the accident the plaintiff was conscious or unconscious. Various objections were made to this question by both defendants, upon the ground that it was not proper cross-examination or proper rebuttal, and considerable argument ensued, at the conclusion of which the court allowed the question, and in so doing made the remark that while perhaps not proper rebuttal "it is probably an important matter, and I think it is within the discretion of the court to permit the testimony to be received." To the remark of the trial court that "it is probably an important matter," the defendants took exception and have assigned the remark of the court as misconduct and as prejudicial error. The objection to the offered evidence upon the ground that it was not proper cross-examination or proper rebuttal may possibly have been a good objection, but the defendants do not urge in relation to the episode that objection, confining their as-

sault to the merely casual and incidental remark of the court at the conclusion of the argument that "it is probably an important matter." It is not here contended that the matter to which the witness was permitted to testify was not an important matter, since it related to the length of time during which the plaintiff had remained unconscious after his injury. As such the plaintiff would have been entitled to make this proof as a part of his main case, and had he done so the jury would have been entitled to treat the evidence given as important. The force of the defendants' contention is expended upon the claim that this purely incidental remark of the court constituted a prejudicial interference with the functions of the jury in determining the importance to be given to this bit of evidence. The defendants at the time the remark of the court was made contented themselves with a mere exception, neither assigning it as misconduct nor making any request for its withdrawal, nor asking for an instruction to the jury to disregard it. For the foregoing reasons we are of the opinion that the error, if any, committed by the trial court was not sufficiently prejudicial to justify a reversal of the case.

As to all other questions presented upon appeal the two appellants are in sharp disagreement, the appellant Electric Railway Company uniting with the plaintiff in seeking to hold its co-defendant jointly responsible with it for the plaintiff's injuries. The evidence in the case touching the occurrence of the collision is concededly sufficient to charge both defendants with some degree of negligence. ■ It is the contention of the appellant Gas & Electric Company, however, that the plaintiff, though one of its employees, and though riding upon one of its trucks at the time of the collision, was, in being upon its said truck, a mere licensee, and that hence as to him the degree of duty which is owed to its said employee as such mere licensee was too slight to justify its being held liable for the injuries which the plaintiff sustained by reason of the greater negligence of its co-defendant which proximately caused the accident and the plaintiff's consequent injuries. The plaintiff and the appellant Electric Railway Company unite in opposing this contention, and the facts of the case would seem sufficiently to sustain their view as to justify the trial court in charging the jury that if they found such facts to be true they

should hold the defendant Gas & Electric Company liable for the breach of the duty which it owed to the plaintiff as an invitee upon its truck at the time of the collision.

The facts with relation to this matter are these: The plaintiff was an employee of the appellant Gas & Electric Company as a day laborer, in which capacity he had been in its employ for some time. The plaintiff's daily employment with the Gas Company began on each morning and ceased at 5 o'clock in the afternoon. The plaintiff with other laborers of the Gas Company were accustomed to ride from the plant of the corporation to the point where their daily work was to be done on one of its trucks which carried the tools and equipment for the day's work, and which regularly left the plant each morning carrying such of the laborers as lived near the plant or along the route; and at the close of the day left the place of work and carried its employees to or near to their respective homes. Such had been the regular custom in the use of said truck for a number of years, the company or its employees even going so far as to provide planks as seats for the use of its said employees in going to and from their work. Under such conditions we have no hesitation in holding that the plaintiff as an employee of said appellant Gas & Electric Company was upon its said truck as an invitee at the time of the happening of the accident wherein he received his injuries, and that as such he was entitled to the use of reasonable care upon the part of his employer and its agent in the operation of said truck to avoid said collision. Said appellant concedes that if the plaintiff was such invitee the evidence of the negligence of its other employees, while meager, was probably sufficient to justify the jury in finding said appellant guilty of a degree of negligence which would render it liable with its co-defendant for the plaintiff's injuries. We find no error, therefore, in the instructions of the court or in the finding of the jury in the foregoing regard.

██ The next contention of the appellant Gas & Electric Company is that the court committed as to it reversible error in refusing to declare a mistrial on account of certain alleged misconduct on the part of counsel for the Railway Company occurring during the examination of the jurors, the alleged misconduct consisting in a question asked of

one of the jurors as to his connection with a certain insurance company, the implication of the question being that the said insurance company was an insurer of its co-defendant the Gas & Electric Company. The trial court promptly sustained an objection to the question, rebuked counsel for the Railway Company for his misconduct in asking it, and immediately and strongly charged the jury to disregard it. Under these conditions we are not disposed to hold, in the absence of any showing that the jury or any of its members disregarded the court's admonition, the misconduct of counsel for the Railway Company continued to be so prejudicial as to compel a reversal of the case.

The appellant Gas & Electric Company makes the further contention that the trial court was in error in the giving of certain instructions which are set forth in detail in its brief. These instructions in the main relate to the question as to whether the plaintiff was an invitee or a mere licensee of said appellant at the time he received his injuries. Its co-defendant joins with the plaintiff in the claim that the instructions of the trial court, both in the foregoing and in whatever other respects they are subjected to criticism, constitute when read as a whole a correct exposition of the law of the case. The instructions were very voluminous, as might well be expected from the three-cornered aspect of this controversy, and while instances may be found therein where the court did not in certain single instructions cover the entire situation to which such isolated instructions related, we are still of the opinion, upon a careful reading of the entire body of instructions, that the jury were not misled thereby to the prejudice of the appellant Gas & Electric Company. The verdict of the jury was quite moderate in view of the extent and seriousness of the plaintiff's injuries; and while said injuries were not permanent, they were sufficiently severe and painful as to fully justify the jury's award, and to thus indicate that in making such award the jury was not materially influenced by the acts of misconduct and alleged errors of which the appellant Gas & Electric Company complains.

The judgment is affirmed.

Tyler, J., *pro tem.*, and Shenk, J., concurred.