[S. F. No. 13069. In Bank.—May 26, 1930.]

STUART JAMES, Respondent, v. LEONARD D. FRAZEE, Appellant.

Barry J. Colding and Theodore Hale for Appellant.

Ford, Johnson & Bourquin and Ford & Johnson for Respondent.

THE COURT.—This is an appeal from a judgment for seventeen thousand five hundred dollars damages for personal injuries. The appellant admits that there is a conflict in the evidence upon the question of the negligence of the defendant·and that that issue may not be reviewed here. The appeal is based upon asserted errors in the giving of instructions to the jury.

The first instruction complained of is as follows: "The law imposed upon the defendant, Frazee, at the time and place of the accident, the duty of operating his automobile in a careful and prudent manner with due regard to the rights of others who might have the lawful use of the highways. If you believe from the evidence that the defendant Frazee failed in his duty in any of these respects, then and in that event he was negligent." It is urged that this instruction should have contained a statement of the standard of conduct of the average reasonable and prudent man. Other instructions are criticised for a like reason.

It is urged with reference to several instructions that they apply one test to the duty of defendant and a different test to the duty of plaintiff, when the conduct of both should be governed by the same test. Whatever force such arguments have with reference to isolated instructions, is dissipated upon a reading of the entire charge to the jury. The instructions show that the jury was fully instructed as to the burden resting upon the plaintiff in the case and expressly instructed that "the plaintiff James was bound to use the same degree of care to prevent injury to himself as

was the defendant Frazee to prevent injury to him. If the plaintiff James failed to use such care and his failure in this regard proximately contributed to his alleged injuries then plaintiff is not entitled in law to recover damages and your verdict must be in favor of the defendant Frazee."

With reference to another group of instructions, it is contended that the court failed to instruct the jury that defendant's violation of the California Vehicle Act, if any, must have been the proximate cause of plaintiff's injury to entitle plaintiff to recover. But the court instructed the jury that "it is not sufficient in a suit to recover damages for the plaintiff to show that an accident occurred and that he was injured, but he must also show that the accident occurred by reason of the negligence of the defendant." And the jury was also instructed: "The burden of proof is upon the plaintiff to prove by the greater weight of evidence that defendant Frazee was negligent in some particular alleged, and that such negligence, if any, was the proximate cause of the accident; and even though defendant Frazee was negligent, yet you must next consider whether or not the plaintiff James was himself negligent and if he was negligent in any particular at the time and place and under the circumstances, that is, if he did not do that which a reasonably prudent person would have done under the circumstances, and his failure, if any, so to do contributed proximately to cause his injuries, if any, then plaintiff is not entitled to recover from the defendant Frazee."

It is contended that the instructions are conflicting with regard to the right of way at intersections. We think this contention is without merit. The court instructed in the language of the California Vehicle Act upon this question.

It is next contended that the court erred in instructing the jury "that the defense of contributory negligence is an affirmative defense, the burden of proving which is on the party alleging it, unless it has been proven or can be inferred from the evidence of the plaintiff himself." It is urged that the latter part of this statement should have been: "unless it can be shown or inferred from the evidence given in support of plaintiff's case." While it might have been more accurate to use the language suggested by appellant, nevertheless, the language used in the instruction is

susceptible of the same construction, and the error, if any, would not warrant a reversal of the judgment. ▮ Nor would error, if any, in any of the other matters urged by appellant, cause us to reverse this judgment, because it is plain that the jury could not have been misled by the instructions taken as a whole and that they correctly and fairly state the rights of the respective parties.

The judgment appealed from is affirmed.