[S. F. No. 16525. In Bank.—June 18, 1941.]

JOSEPH JENTICK et al., Respondents, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Appellant.

118

Thos. J. Straub, W. H. Spaulding and John J. Briare for Appellant.

Francis Gill, John Langer and Glikbarg, Wolf & Selig for Respondents.

TRAYNOR, J.—The city of San Francisco awarded a contract for the widening of a section of Nineteenth Avenue to Charles Harney. In performing the work, Harney's employees ripped up the pavement with a scarifier and removed the broken fragments with a steam shovel. The Pacific Gas and Electric Company maintained pipes and conduits in the avenue for the supply of gas to abutting residences. Throughout the project the Pacific Gas and Electric Company's employees, including Alvin Parkhurst and John McGrath, marked the location of pipes on the surface of the street, laid temporary surface mains, excavated certain pipes, and made connections or disconnections as the situation required. These operations were performed under the direction of Frank English, the company superintendent of construction.

After scarifying the street surface adjacent to the premises at 1563 Nineteenth Avenue, the scoop of the steam shovel while removing a load of broken pavement, caught and bent a

feeder pipe maintained by the Pacific Gas and Electric Company for the supply of gas to those premises. Employees of the company immediately examined the pipe but discovered no leak or break. Some fifteen minutes later, however, a gas explosion occurred within the basement of 1563 Nineteenth Avenue, injuring plaintiffs Jentick and Austin who were standing on the sidewalk in front of the premises. A subsequent examination revealed that the shovel in catching and bending the feeder pipe had torn it loose from the riser pipe serving these premises. Escaping gas from this break caused the explosion.

Plaintiffs brought suit against Harney, the Pacific Gas and Electric Company, English, Parkhurst, and McGrath, charging them in general terms with negligence. At the conclusion of the trial the court granted a motion for a directed verdict in favor of defendant McGrath. After being fully instructed by the court on the law applicable to the case, the jury returned verdicts of $2,000 and $4,000 in favor of plaintiffs Jentick and Austin respectively against defendant Pacific Gas and Electric Company and of $1 each against defendants English and Parkhurst. Defendant Harney was held not liable. The trial court pointed out to the jury that its verdicts were inconsistent because it could not impose a lesser liability upon English and Parkhurst than upon the other defendant after having found them all negligent. The members of the jury thereupon stated that they were confused as to whether or not they could find a verdict in favor of English and Parkhurst and against the Pacific Gas and Electric Company. At this point counsel for the defendant gas company stated to the court: ''If the court please, I think the difficulty the jury is having is whether or not they must find a verdict against Parkhurst and English in order to find a verdict against the Pacific Gas and Electric Company and I think that should be made clear to them, that they don't have to find it against the individual.'' The court then again instructed the jury that the Pacific Gas and Electric Company could be held liable under the doctrine of *respondeat superior* only if English and Parkhurst as employees were found to be negligent and held equally liable, but that if the Pacific Gas and Electric Company were found to have been negligent independently of the acts of English and Parkhurst, it could be held liable and English and Parkhurst exonerated

if they were found not to have been negligent. A short time after the jurors received this instruction and just as they were about to retire once more to the jury room, the counsel for the defendant gas company made the following request to the court: "Now, before the jury is sent back, I would like to ask the court to instruct the jury that it is not necessary to find a verdict against the individuals Parkhurst and English in order to render a verdict against the defendant Pacific Gas and Electric Company." Whereupon the court stated: "I will so instruct the jury at the request of Mr. Briare, that they need not return a verdict against either of the personal defendants in order to render a verdict against the Pacific Gas and Electric Company." The jury then went out and within five minutes returned with a verdict holding the Pacific Gas and Electric Company liable for damages to plaintiffs Jentick and Austin in the amount of $2,000 and $4,000 respectively and exonerating defendants English and Parkhurst entirely. The Pacific Gas and Electric Company has appealed from this judgment after denial of its motions for a directed verdict, judgment notwithstanding the verdict, and a new trial.

█ Defendant contends it is entitled to judgment in its favor because there is no evidence of negligence on its part independent of the acts of its employees, English and Parkhurst, and since its liability as employer depends upon the existence of negligent conduct by them, the verdict of the jury finding them free from negligence exonerates it from liability. Where an employer's liability for negligence rests upon the principle of *respondeat superior,* it is well established that a verdict exonerating the employee exonerates the employer. (*Bradley* v. *Rosenthal,* 154 Cal. 420 [97 Pac. 875, 129 Am. St. Rep. 171].) In the present case, however, the inconsistent verdicts in favor of the employees and against the employer resulted from the erroneous instruction given to the jury just before it retired that " . . . they need not return a verdict against either of the personal defendants in order to render a verdict against the Pacific Gas and Electric Company." This instruction led the jury to believe that it could properly hold the Pacific Gas and Electric Company for the conduct of English and Parkhurst and at the same time acquit those employees of liability. It immediately returned with a verdict releasing the employees and holding the employer after having previously brought in a verdict

finding the employees guilty of negligence and after having expressed doubt as to whether the employees could be exonerated from liability and the employer held liable for damages. The inconsistent verdicts clearly resulted from an erroneous instruction given to the jury at the request of the counsel for defendant.

 Under the doctrine of "invited error" a party cannot successfully take advantage of error committed by the court at his request. Thus, on appeal a litigant cannot object to the admission of incompetent evidence offered by him. (See cases cited in 2 Cal. Jur. 848.) He cannot complain of error in instructions requested by him. (*Gray* v. *Ellis,* 164 Cal. 481 [129 Pac. 791]; *Walsh* v. *Standart,* 174 Cal. 807 [164 Pac. 795]; *Rigall* v. *Lewis,* 1 Cal. App. (2d) 737, 738 [37 Pac. (2d) 97].) Nor can he challenge a finding of the trial court made at his instance. (*Snow Mountain Water & Power Co.* v. *Kraner,* 191 Cal. 312 [216 Pac. 589]; *McCann* v. *Children's Home Society of California,* 176 Cal. 359 [168 Pac. 355].) In the present case, therefore, defendant cannot attack a verdict resulting from an erroneous instruction which it prompted. (*Benoit* v. *Perkins,* 79 N. H. 11 [104 Atl. 254]; *Frascone* v. *Louderback et al.,* 153 App. Div. 199 [138 N. Y. Supp. 370].)

Defendant contends that the instruction is not erroneous when read with the prior and correct instruction. The prior instruction informed the jury that the employees could be exonerated and the employer held liable if the latter were independently negligent in some respect. Defendant maintains that the jury's verdict was based upon a finding of such independent negligence, but denies that there was sufficient evidence to support such a verdict. Questionable and incomplete instructions may be rendered innocuous if it is clear, when they are read and considered with the other instructions, that the jury was not misled. (*James* v. *Frazee,* 209 Cal. 456 [288 Pac. 784]; *Hurtado* v. *San Diego Elec. Ry. Co.,* 204 Cal. 446 [268 Pac. 620].) The error in a misleading or incomplete instruction, however, is not removed by other correct instructions when, as in the present case, the record clearly indicates that the jury was confused on the matter covered by the instruction and followed the erroneous instruction in reaching its verdict.

██ ██ Defendant claims that the instruction given differs materially from the one requested and that it therefore did not invite the error. There is, however, no essential difference between the two instructions. The requested instruction was that the jury need not hold "the individuals English and Parkhurst . . . ". The court's instruction was that the jury need not hold "either of the personal defendants . . . ". Complete identity of the two instructions is not essential to an application of the principle of invited error. The error is invited if the two are substantially the same in meaning. (*Yolo Water & Power Co.* v. *Hudson,* 182 Cal. 48 [186 Pac. 772]; *Chase* v. *Southern Pac. Co.,* 119 Cal. App. 341 [6 Pac. (2d) 540].)

██ Defendant may not avoid the application of the doctrine by asserting that the error was not deliberately or wilfully induced. The good faith of defendant is immaterial. It is incumbent upon counsel to propose instructions that do not mislead a jury into bringing in an improper verdict. Whether deliberate or not, defendant's action was responsible for the erroneous instruction and verdict. Defendant must therefore accept them as correct.

The judgment is affirmed.

Shenk, J., Curtis, J., Carter, J., Edmonds, J., and Gibson, C. J., concurred.

Appellant's petition for a rehearing was denied July 17, 1941.