[Civ. No. 9660. Third Dist. Feb. 24, 1960.]

EVANS LUMBER COMPANY (a Corporation), Respondent, v. RAYMOND SCHAECHER et al., Appellants.

Mathews & Traverse and Edward F. Traverse for Appellants.

Richard E. Rader for Respondent.

PEEK, J.—Defendants, lumber brokers, using their own form denominated "Mill Order," contracted with plaintiff, a mill operator, for four carloads of certain described lumber. Subsequently the defendants orally requested 11 additional carloads upon the same terms and conditions as set forth in the original written mill order. Among other things the original order specified "No. 2 common and better WCLAG/s." It appears that this specification was understood by the parties to mean that the lumber would all be Number 2 grade or better, and each piece was to be graded and stamped by an employee of the West Coast Lumbermen's Association. The lumber was graded by an authorized association grader; however, he did not use an official stamp of the association but marked each piece with a crayon. Apparently this method of marking the grade on the individual pieces had been used in previous transactions between the parties. The lumber so ordered was shipped by plaintiff to certain designated points in Pennsylvania and New York. Five or more of the 15 carloads were sold at the price specified in the mill order. Although there is no direct testimony upon this point, it inferentially appears that the remaining carloads were rejected. Eventually, however, the lumber was sold at varying prices but less than the price stated in the mill order. It further appears that throughout this period lumber prices were on the decline. The defendants made various payments to plaintiff but left a balance in the sum of $8,989.80 which they refused to pay. It is the refusal to pay this sum which forms the basis of plaintiff's complaint.

Defendants' first contention on appeal is that plaintiff's failure to stamp the lumber with the official WCLA grade stamp was a material breach of the contract, and since such action on the part of plaintiff placed it in default, it cannot compel defendants to perform. Although defendants introduced evidence to the effect that such stamping was required by the FHA and lumber buyers in general on the Atlantic coast, there was no evidence indicating that the failure to so stamp the lumber caused the rejection of any of the carloads shipped, or that any of the lumber failed to conform to the mill order or to WCLA grade standards. In fact defendants'

main witness testified that the lumber did conform both to the order and to WCLA standards. Such evidence would have been amply sufficient to support a finding by the trial court that plaintiff's failure to officially stamp each piece of lumber, if a breach in the contract of the parties, was immaterial. However defendants themselves proposed finding of fact number one which in part stated ''that it is true that plaintiff complied with all of the terms and conditions of said order . . .''

This finding forms the basis of defendants' second contention which is that there is no evidence to support the same.

Not alone does the record, as noted, contain ample evidence to support the finding, but, furthermore, in view of the admitted fact that the finding was made at defendants' request, they will not now be heard to challenge the same on appeal. (*Jentick* v. *Pacific Gas & Elec. Co.*, 18 Cal.2d 117, 121 [114 P.2d 343].)

It is defendants' further contention that the failure of the trial court to specifically find as to the nature of plaintiff's breach was reversible error. Obviously such contention is wholly without merit. At defendants' request the court found that plaintiff had complied with all of the terms and conditions of the order. Necessarily such finding implies that plaintiff did not materially breach any of the terms of the order.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.